UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,   Crim. No. 14-123(1) (PAM/LIB)

        Plaintiff,

v.   **MEMORANDUM AND ORDER**

Corey Victor Bevins,

        Defendant.

---

This matter is before the Court on Defendant's Second Amended Motion to Vacate. (Docket No. 161.) For the following reasons, the Motion is denied.

**BACKGROUND**

On June 30, 2015, Defendant pled guilty to one count of Production of Child Pornography (Count 2), one count of Receipt of Child Pornography (Count 5), and one count of Possession of Child Pornography (Count 9). On December 15, 2015, United States District Court Judge Richard H. Kyle sentenced Defendant to 300 months' imprisonment and 15 years' supervised release. (See Docket No. 87.)

On February 22, 2019, Defendant filed the instant Motion to vacate his sentence under 28 U.S.C. § 2255. Defendant alleges: (1) that the Court lacked subject-matter jurisdiction as to Count 2; (2) that his trial counsel was ineffective; and (3) that he was subjected to double jeopardy because he was convicted of both receipt and possession of child pornography.

## DISCUSSION

A federal prisoner may move the court which imposed his sentence to vacate, set aside, or correct the sentence if the court lacked jurisdiction to impose the sentence, or if the sentence was imposed in violation of the Constitution or federal law, in excess of the maximum authorized by law, or otherwise subject to collateral attack. 28 U.S.C. § 2255(a). But a motion under § 2255 is available only in limited circumstances. "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). "Issues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255." United States v. Wiley, 245 F.3d 750, 752 (8th Cir. 2001).

### A. Subject-Matter Jurisdiction

Defendant argues that there was no federal jurisdiction to prosecute Count 2 on the White Earth Reservation until June 1, 2013. (Docket No. 161 at 2.) Defendant contends that because his actions related to Count 2 occurred in 2012, the Government lacked jurisdiction to charge him with that crime. Defendant also claims that the Court lacked subject-matter jurisdiction over Count 2 because it is not a crime of "general applicability." (Id. at 1.)

The Court has previously rejected Defendant's argument. (See Docket No. 39 at 6-9.) Defendant's jurisdictional argument refers to a request made by the White Earth Nation of Ojibwe in 2012 for the United States to accept concurrent jurisdiction to

prosecute violations of 18 U.S.C. §§ 1152 and 1153 within Indian country. (Def.'s Ex. 4 (Docket No. 167) at 1.) That request was granted with an effective date of June 1, 2013. (Id.) In granting the request, the Deputy Attorney General stated that "the Federal government will assume concurrent jurisdiction to prosecute violations of Sections 1152 and 1153, and will also retain its existing jurisdiction to prosecute crimes of general applicability . . . ." (Id. at 2.) However, because Defendant was not charged with violating §§ 1152 or 1153 the grant of concurrent jurisdiction does not apply to him. Furthermore, the Eighth Circuit has repeatedly rejected similar arguments claiming that the general criminal laws of the United States "do not apply to Indians committing crimes against Indians in Indian country" based on § 1152. United States v. McGrady, 508 F.2d 13, 15-16 (8th Cir. 1974). Accordingly, Defendant's argument regarding jurisdiction based on §§ 1152 and 1553 is without merit.

Defendant's argument that Production of Child Pornography is not a crime of general applicability and therefore not prosecutable is also flawed. "[F]ederal courts may enforce general federal criminal laws against all persons, including Indians within Indian country." United States v. Wadena, 152 F.3d 831, 841 (8th Cir. 1998) (emphasis omitted). Production of Child Pornography under 18 U.S.C. §§ 2251(a) is a crime over which there is federal jurisdiction regardless of where it occurred. Accordingly, the Court had subject-matter jurisdiction over Count 2.[1]

---

[1] While discussing subject-matter jurisdiction, Defendant also argues about certain statements his attorney made and the number of videos he was charged with possessing. Neither of these claims serve as a basis for relief under § 2255, and the Court will not discuss them further.

3

B.  **Ineffective Assistance of Counsel**

To be entitled to relief based on ineffective assistance of counsel, Defendant must show that (1) his counsel's performance fell below an objective standard of reasonableness and (2) there is a "reasonable probability that, but for [his] counsel's . . . errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). The Court must evaluate a lawyer's performance without the benefit of hindsight, and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. A criminal defendant is entitled to competent representation, but the Constitution "does not insure that defense counsel will recognize and raise every conceivable" argument. Anderson v. United States, 393 F.3d 749, 754 (8th Cir. 2005) (quotation omitted).

Defendant alleges his counsel was ineffective on two different bases. "Ground Two" of Defendant's second amended Motion is titled: "counsel rendered ineffective throughout District Court proceedings." However, Defendant describes several alleged constitutional violations regarding his arrest and presentment. To the extent Defendant contends that these violations serve as a basis to vacate his sentence, that claim is foreclosed because Defendant entered a voluntary guilty plea after the alleged violations took place. United States v. Vaughan, 13 F.3d 1186, 1187 (8th Cir. 1994) ("A defendant's knowing and intelligent guilty plea forecloses independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.") (quotation omitted).

4

To the extent Defendant claims that counsel was ineffective for failing to raise these claims, that argument is also without merit. Counsel in fact raised similar challenges regarding Defendant's arrest and presentment in pretrial motions. (See Docket Nos. 20 and 21.) These arguments were rejected in a Report and Recommendation by Magistrate Judge Leo Brisbois, and Judge Richard H. Kyle adopted the R&R over counsel's objections. (Docket No. 39 at 10-39; Docket No. 47.) Accordingly, Defendant has not demonstrated that his counsel's performance "fell below an objective standard of reasonableness" because counsel raised these issues and argued them to resolution. Strickland, 466 U.S. at 688.

Defendant also alleges that his attorney was ineffective for failing to suppress Defendant's statements to police during a series of interviews that occurred in January 2014. However, once again the record demonstrates that counsel did in fact raise these issues. (Docket No. 21; Docket No. 39 at 25-39.) Defendant has not established that his counsel was ineffective.

## C.  Double Jeopardy

Defendant alleges that he was subjected to double jeopardy in violation of the Fifth Amendment because he was convicted of both Receipt and Possession of Child Pornography.[2] (Docket No. 161 at 10.)

---

[2] While discussing double jeopardy, Defendant also raises a brief argument that his sentence was imposed unfairly, unreasonably, and in violation of the applicable sentencing guidelines. The Eighth Circuit rejected Defendant's arguments on direct appeal. Issues raised and decided on direct appeal are not appropriate for collateral attack under § 2255.

5

Defendant's challenge is procedurally inappropriate, both because he could have, but did not, raise the issue on direct appeal and because his guilty plea forecloses the argument.  United States v. Broce, 488 U.S. 563, 565 (1989).  However, even if his claim were not procedurally barred, it would be without merit.  "To prove a double jeopardy violation, a defendant must demonstrate that he was convicted of two offenses that are in law and fact the same offense. . . . Convictions for both possession and receipt of the same image violate the double jeopardy clause."  United States v. Zavesky, 839 F.3d 688, 695 (8th Cir. 2016) (quotation omitted).  When "different dates and different visual depictions of minors" are at issue in each count, there is no double jeopardy violation.  Id. at 696.

Defendant pled guilty to Counts 5 and 9 of the Indictment.  (Docket No. 1.)  Counts 5 and 9 charge Defendant based on different dates and video files.  (Id. at 3, 5.)  Accordingly, these are not the same offenses and there is no double jeopardy violation.

**D.     Certificate of Appealability**

The Court declines to issue a certificate of appealability.  A defendant who seeks review of an order denying a motion under 28 U.S.C. § 2255 must obtain such a certificate, which will not be granted unless he "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(1)(B), (c)(2); accord, e.g., Williams v. United States, 452 F.3d 1009, 1014 (8th Cir. 2006).  He must show the issues are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings."  Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).  Defendant does not meet this exacting standard here.

**CONCLUSION**

Defendant is not entitled to relief on any of the claims raised in his Motion to Vacate. Accordingly, **IT IS HEREBY ORDERED that** Defendant's Second Amended Motion to Vacate (Docket No. 161) is **DENIED** and no Certificate of Appealability will issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 5, 2019

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge