UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 14-123 (PAM/LIB) |
| Plaintiff, | |
| v. | **ORDER** |
| Corey Victor Bevins, | |
| Defendant. | |

This matter comes before the Court on Defendant Corey Victor Bevins's Request for Leave to File Second or Successive § 2255 Motion and his Motion to Produce Evidence.

On June 30, 2015, Bevins pled guilty to production of child pornography in violation of 18 U.S.C. §§ 2251(a), 2251(e); receipt of child pornography in violation of 18 U.S.C. §§ 2252(a)(2), 2252(b)(1); and possession of child pornography in violation of 18 U.S.C. §§ 1151, 2252(a)(4)(A), 2252(b)(2). (Docket No. 72.) Bevins was sentenced on December 15, 2015, to a total of 300 months' imprisonment followed by 15 years of supervised release. (Docket Nos. 86, 87.) The sentence was affirmed on appeal. United States v. Bevins, 848 F.3d 835 (8th Cir. 2017). The Court ordered Bevins to pay $5,000 in restitution for the benefit of an identified victim of child pornography. (Docket No. 109.) Bevins's appeal of the restitution order was dismissed. (Docket No. 117.)

Bevins sought Section 2255 relief, alleging (1) the Court lacked subject matter jurisdiction over the production-of-child-pornography charge, (2) that he received ineffective assistance of trial counsel, and (3) that he was subjected to double jeopardy in

being convicted of both receipt and possession of child pornography. See United States v. Bevins, 2019 WL 2369527, at *1 (D. Minn. June 5, 2019). The Court noted Bevins's first claim had previously been rejected and that the Eighth Circuit had repeatedly rejected similar arguments. Id. at *1–*2. The Court also rejected Bevins's ineffective-assistance-of-counsel and double-jeopardy claims. Id. at *2–*3. The Eighth Circuit dismissed Bevins's appeal. (Docket No. 181.)

Bevins now seeks permission to file a second or successive Section 2255 motion. He asserts he would raise three issues: (1) §§ 1151, 1152, and 1153 are not crimes of general applicability but instead fall under the jurisdiction of the White Earth tribal system, and that this charging decision was made based on his race; (2) there is "not one single trace of evidence" in support of his distribution conviction; and (3) there is no evidence he committed a crime of violence for purposes of restitution. (Docket No. 185.) Bevins has also filed a motion demanding that the Court produce evidence: (1) that he distributed child pornography; (2) that production of child pornography is a crime of general applicability; (3) that Bevins was convicted of a crim of violence; (4) the plea bargain; and (5) statements made under severe intoxication. (Docket No. 186.)

Pursuant to 28 U.S.C. § 2244(b)(3), an applicant "shall move in the appropriate court of appeals for an order authorizing the district court to consider" a second or successive application. And a second or successive Section 2255 motion is permitted only in cases of newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would find the movant guilty or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme

Court.  28 U.S.C. § 2255(h).  Failure to first obtain authorization from the appropriate appellate court deprives the district court of subject matter jurisdiction to hear the Section 2255 petition.  Burton v. Stewart, 549 U.S. 147, 157 (2007).

Here, Bevins seeks permission to file a second or successive Section 2255 motion. That claim is improperly directed at this Court because it must be submitted to the Eighth Circuit Court of Appeals.  Thus, this Court has no jurisdiction to consider the request and it must be dismissed.

Moreover, Bevins's claims have already been adjudicated or lack merit.  The Court has twice ruled on Bevins's arguments concerning the applicability of certain statutes on White Earth tribal land.  Bevins, 2019 WL 2369527, at*1–*2; United States v. Bevins, 2014 WL 12693887, at *1–*6 (D. Minn. July 29, 2014) (Brisbois, M.J.), R. & R. adopted by 2014 WL 12693898, at *1 (D. Minn. Sept. 16, 2014) (Kyle, J.).  Bevins's guilty plea forecloses his ability to challenge the sufficiency or admissibility of the evidence supporting his conviction.  United States v. Alvarado-Sanchez, 383 F. App'x 576, 577 (8th Cir. 2010).  At the change of plea hearing on June 30, 2015, Bevins affirmed under oath that he reviewed the entire plea agreement and discussed it with his attorney, then the prosecutor reviewed with Bevins every paragraph of the plea agreement on the record. (Plea Tr. (Docket No. 95) at 5, 11–24.)  Bevins agreed in his plea agreement and at the change of plea hearing that he owed restitution pursuant to 18 U.S.C. §§ 2259, 3663A. (Docket No. 72 ¶ 9; Plea Tr. at 13–14, 22.)  Bevins makes no claims regarding newly discovered evidence, but instead relies on the evidence—or lack thereof—already in the record, nor does he make any claims that a new rule of constitutional law applies.

Accordingly, **IT IS HEREBY ORDERED that** Defendant Corey Victor Bevins's Request for Leave to File Second or Successive § 2255 Motion (Docket No. 185) and Motion to Produce Evidence (Docket No. 186) are **DISMISSED**.

Dated: August 17, 2020

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge